NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MUSTAFA SANOE, *Appellant.*

No. 1 CA-CR 19-0375
FILED 7-7-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2019-000019-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Chief Judge Peter B. Swann[1] joined.

---

**B R O W N**, Judge:

¶1        Mustafa Sanoe appeals his conviction and sentence for one count of unlawful flight from a law enforcement vehicle, arguing his sentence is unlawful. For the following reasons, we affirm the conviction and sentence but correct the sentencing order to reflect the appropriate number of Sanoe's prior felony convictions.

## BACKGROUND

¶2        Sanoe was driving a Jeep one afternoon in December 2018. Two police detectives driving an unmarked police car ran the Jeep's license plate number while stopped at a red light and discovered the Jeep had a canceled insurance policy. They initiated a traffic stop using emergency lights. Sanoe stopped the Jeep but sped away when the detectives approached on foot. The detectives followed the Jeep but eventually called off the pursuit for public safety reasons. A few weeks later police arrested Sanoe, who admitted he was the driver of the Jeep. Sanoe was on probation at the time of the offense.

¶3        The State charged Sanoe with one count of unlawful flight from a law enforcement vehicle, a non-dangerous class 5 felony. The State alleged he had two historical prior felony convictions—(1) assisting a street gang, a class 3 felony, committed on July 2, 2014 (convicted August 18, 2015)[2]; and (2) second-degree burglary, a class 3 felony, committed on March 26, 2015 (convicted August 18, 2015). In its settlement conference

---

[1]        Chief Judge Peter B. Swann replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Chief Judge Swann has read the briefs and reviewed the record.

[2]        The State agrees it misstated the dates for Sanoe's assisting a street gang conviction. Sanoe committed that offense on June 26, 2014, and was convicted on October 31, 2014.

memorandum, the State indicated that Sanoe had an additional felony conviction for threatening and intimidating, a class 3 felony, committed on June 25, 2014, and convicted August 18, 2015.[3]  The State did not, however, move to amend its allegation of historical prior felony convictions.

¶4        At trial, Sanoe admitted he had two unspecified prior felonies, one committed on June 26, 2014, in CR2014-130840-002, and another committed on March 26, 2015, in CR2015-117295-001.  A jury found Sanoe guilty as charged and found five aggravating factors.  The superior court found that Sanoe had three prior felony convictions[4] and sentenced him to five years (presumptive) in prison as a non-dangerous category three repetitive offender pursuant to A.R.S. § 13-703(J).  The court revoked Sanoe's probation in another matter, imposed sentencing, and ordered his sentences in that matter to be served consecutive to the sentence in this matter.  Sanoe appealed.

### DISCUSSION

¶5        Sanoe raises three issues concerning his sentence, none of which were raised in the superior court.  We review a claim raised for the first time on appeal for fundamental error.  *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  Under that standard, Sanoe must first prove the court erred.  *See id.* at 142, ¶ 21.  If error exists, we must decide whether the error was fundamental, considering the totality of the circumstances.  *Id.*  An illegal sentence constitutes fundamental error.  *State v. Pesqueira*, 235 Ariz. 470, 478, ¶ 29 (App. 2014).  A defendant must also make a separate showing of prejudice if he establishes fundamental error.  *Id.*

¶6        Sanoe first argues the superior court committed fundamental error and violated his due process rights by finding that he had three prior

---

[3]        The State also acknowledges these dates are wrong.  Sanoe committed the threatening and intimidating offense on June 26, 2014, and the date of his conviction was October 31, 2014.

[4]        The court's sentencing order correctly states that Sanoe was convicted of threatening/intimidating, a class 3 felony, committed on June 26, 2014 (convicted on October 31, 2014); assisting a criminal street gang, a class 3 felony, committed on June 26, 2014 (convicted on October 31, 2014); and second degree burglary, a class 3 felony, committed on March 26, 2015 (convicted on August 18, 2015).  The State charged the threatening and intimidating and assisting a criminal street gang offenses under the same cause number, CR2014-130840-002.

felony convictions instead of just the two alleged by the State—assisting a street gang and second-degree burglary. As noted *supra* ¶ 3, the State did not move to amend its allegation of historical prior felony convictions. Thus, although the court erred in finding that Sanoe had three such convictions instead of two, Sanoe cannot show the requisite prejudice entitling him to re-sentencing.

¶7            The superior court imposed the presumptive sentence consistent with Sanoe having two or more prior felony convictions. *See* A.R.S. § 13-703(C), (J) (stating that a defendant shall be sentenced as a category three repetitive offender if convicted of a felony and he has two or more historical prior felony convictions, and the presumptive sentence for a category three repetitive offender convicted of a class 5 felony is five years). Sanoe was therefore not prejudiced because the State only needed to prove two prior felony convictions, and he was on notice he could be sentenced as a category three repetitive offender based on the State's allegation of those two prior convictions. However, because the State did not allege that Sanoe had a prior felony conviction for threatening and intimidating, we correct the sentencing order to show that Sanoe had two prior felony convictions—for assisting a street gang and second degree burglary—rather than three.

¶8            Next, Sanoe argues the superior court erred by not determining whether two of his prior felony convictions were committed on the same day and therefore could only be considered as one conviction. Section 13-703(L) provides that convictions for two or more offenses committed on the same occasion shall only be counted as one historical prior felony conviction. The State concedes that because two of Sanoe's prior felony convictions—threatening and intimidating and assisting a criminal street gang—were committed on the same occasion they may only be counted as one historical prior felony conviction. Although the court did not make an express determination of whether the offenses were committed on the same occasion (and was not asked to do so), the sentencing order shows the court was aware that the offenses were charged under the same cause number, CR2014-130840-002, were both committed on June 26, 2014, and that Sanoe was convicted of both offenses on October 31, 2014. The court also found the existence of a prior felony conviction for second degree burglary, a class 3 felony, committed on March 26, 2015. The court applied A.R.S. § 13-703(L) correctly. *See State v. Moody*, 208 Ariz. 424, 443, ¶ 48 (2004) ("We presume that a court is aware of the relevant law and applied it correctly in arriving at its ruling."). And Sanoe was not prejudiced because the court imposed the presumptive sentence consistent with Sanoe having

two or more prior felony convictions, which meant the State only needed to prove the existence of two such convictions.

¶9     Finally, Sanoe contends the superior court erred and violated his due process rights by finding that he had a prior felony conviction for assisting a street gang because the State's allegation of prior historical felony convictions provided different dates for the date of the offense and the conviction than those given by the court, and the State never moved to amend or correct those dates. Sanoe did not object to the wrong dates in the superior court, and he was on notice that the State was alleging he had a prior felony conviction for assisting a street gang, a class 3 felony, in cause number CR2014-130840-002. After reviewing the sentencing order in that matter (and the sentencing order in the burglary matter), the court ultimately stated the correct dates for each of Sanoe's prior felony convictions when sentencing him. No fundamental error occurred.

## CONCLUSION

¶10     We affirm Sanoe's conviction and sentence but correct the sentencing order to reflect that Sanoe had only two prior felony convictions, for assisting a street gang and second-degree burglary.



AMY M. WOOD • Clerk of the Court
FILED:     AA